UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-5258
(Civ. A. No. 23-2172)

AMERICAN FIRST LEGAL FOUNDATION,           Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION, et al.,           Appellees.

**APPELLEES' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY AFFIRMANCE**

As articulated in Appellees' Motion, the district court correctly granted summary judgment in favor of Appellees by finding that the Federal Bureau of Investigation ("FBI") performed a reasonable search and that the FBI's categorical withholding of information under Exemptions 6 and 7(C) was consistent with the Freedom of Information Act ("FOIA"). Appellant's opposition advances no reasonable basis to overcome the district court's judgment in favor of the FBI.

**I.     The District Court Correctly Concluded that the FBI
        Conducted an Adequate Search.**

Appellant America First suggests that the FBI's search was inadequate because the FBI did not search for email records within the

Office of Congressional Affairs. Opp'n at 6-7. America First did not request email communications.

America First requested "records and versions of the FBI background investigation, Forms SF-86, and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing FBI to conduct a background investigation as part of his nomination" for the Secretary of Homeland Security, the Deputy Secretary of Homeland Security, the Director of the United States Citizenship and Immigration Service, and the United States Attorney for the Central District of California and as produced to or shared with the Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff. *See* Seidel Decl. (R.18-1) ¶ 5. Based on the request, the FBI searched its Central Records System for the term "Alejandro Mayorkas" with a cutoff date of September 22, 2023, the FBI's initial search date for records. *See id.* ¶¶ 15-16, 19-20. Given that Alejandro Mayorkas was sworn in as the Secretary of the Department of Homeland Security on February 2, 2021, *see* https://www.dhs.gov/person/alejandro-mayorkas), the FBI's cut-off date

in September 2023 would have captured all potentially responsive records.

America First's FOIA request for "the FBI background investigation, Form SF-86, and any supporting security clearance documentation," did not seek email communications. *See* Mem. Op. (R.23) at 11. In a FOIA case, a defendant can rightfully rely on the "four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996). As noted by the district court, America First's request does not reasonably suggest that it sought email communications. *See* Mem. Op. (R.23) at 12 (citations omitted). The FBI conducted a search of its background investigation file based on a reasonable reading of America First's FOIA request for its background investigation of Alejandro Mayorkas.

Even so, America First is incorrect that the FBI did not search its records for email communications with Congress because the FBI conducted a search of its Central Records System, a comprehensive system that stores various categories of types of records, including email communications. As explained in the declaration of Michael G. Seidel, *see* Seidel Decl. (R.18-1) ¶ 46, various types of records, including emails, are

found within the background investigation file (the files contained within the Central Records System that FBI searched). Email documents found within the background investigation file consist of communications between FBI personnel, between FBI personnel and private citizens and corporations, between FBI personnel and other government agency personnel, or between FBI personnel and state and local law enforcement agencies. *See* Mot. Summ. J. (R.18) at 12-13; Seidel Decl. (R.18-1) ¶ 46. By searching its background investigation files, the FBI also searched for email communications that the FBI personnel transmitted in connection with the background investigation file. Further, as outlined in Seidel's supplemental declaration (R.21-1), the FBI did not share the background investigation directly with Congress, nor did it have any other direct contact with Congress. *See id.* ¶ 4. Nothing in the FBI's search indicates "a lead so apparent that the Bureau [could not] in good faith fail to pursue it." *Kowalczyk*, 73 F.3d at 389.

## II. The FBI's Categorical Withholdings Are Appropriate.

America First next argues that the FBI improperly applied categorical withholdings because the FBI relied on and applied three different exemptions with different standards to the information

withheld. *See* Opp'n at 7-8. America First raises this argument for the first time in this litigation in its opposition. *See id.* S*ee also* Opp'n to Defs' Mot. Summ. J. (R.19). "It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." *Dist. of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1085 (D.C. Cir. 1984). On this basis, the Court should reject America First's misplaced attempt to challenge the FBI's categorical withholdings.

Even if considered, America First's forfeited argument would fail. America First's speculation that the background investigation contains records of Alejandro Mayorkas's prior government service is speculative and contrary to the detailed declarations submitted by the government. *See* Mem. Op. (R.23) at 23–24 (rejecting similar speculation in the context of a different argument). And America First fails to explain why Alejandro Mayorkas's personal financial and medical history do not both similarly implicate the privacy interests set forth in Seidel's declaration such that they are appropriately categorized together. Indeed, America First fails in this context to engage with the articulated privacy interests at all.

## III. The FBI's Withholdings Pursuant to Exemptions 6 and 7(C) Are Appropriate.

America First argued that the district court improperly concluded that the FBI's application of Exemptions 6 and 7(C) was legally sufficient. *See* Opp'n at 9-17. In this vein, America First argues that "it is also not entirely clear that the records sought can even meet the first prong of Exemption 7(C), which requires that they be 'records or information compiled for a law enforcement purpose." Opp'n at 9. Again, America First raises this argument for the first time in this litigation in its opposition, which is impermissible. *See Air Florida*, 750 F.2d at 1085. To be sure, the district court recognized that "[America First] does not dispute that the withheld records at issue meet 7(C)'s threshold requirement that defendants created them for law enforcement purposes." Mem. Op. (R.23) at 17. Thus, the Court should reject America First's argument that the challenged records are law enforcement records.

Even were this argument not forfeited, it would fail on the merits. As the district court noted, "[t]he principal purpose of a background investigation is to ensure that a prospective employee has not broken the law or engaged in other conduct making her ineligible for the position."

Mem. Op. (R.23) at 17 (quoting *Mittleman v. Off. of Pers. Mgmt.*, 76 F.3d 1240, 1243 (D.C. Cir. 1996)). The FBI's background investigation was therefore clearly compiled for law-enforcement purposes.

With respect to the privacy interest at play in applying Exemption 7(C), America First posits that much of the information about Mr. Mayorkas relates to the decades he spent in public service and would shed light on what the government was up to during those periods of time. Opp'n at 10-12. But this is speculative and contrary to the government's declaration. The background investigations into Mr. Mayorkas resulted in the collection by the FBI of information, documents and data based on "interviews of the appointee, [his] neighbors, references, and employers/supervisors/coworkers; searches and results of government agency database records checks; and medical and financial records detailing every aspect of the past health and financial history of Alejandro Mayorkas." Mem. Op. (R.23) at 18 (quoting Seidel Decl. (R.18-1) ¶ 25). Thus, the district court correctly concluded that the information the FBI collected for the background investigation is personal in nature, consisting of a "wealth of personally identifying information, as well as

intimate details about the subject of the investigation, [his] families, personal relationships, and associates." Mem. Op. (R.23 at 18).[1]

As for the public interest, contrary to America First's unfounded conjecture, the withheld information, much of which is personal to Mr. Mayorkas and information gleaned from his private life, would add little to nothing to the public's understanding of the own FBI's operations and activities. To meet its burden and overcome the privacy interest of a third party, the information America First seeks mush "shed [ ] light on an agency's performance of its statutory duties." *Dep't of Just. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989). Information that "reveals little or nothing about an agency's own conduct," will not overcome the third party's privacy interest because the public interest

---

[1] Mr. Seidel's declaration noted that [r]ecords could also reveal past criminal acts or behaviors occurring after the age of eighteen that are no longer part of the record," Seidel Decl. (R.18-1) ¶ 26, is not indicative that Mr. Mayorkas has past criminal acts or behaviors or that the FBI is employing inapplicable boilerplate language, as America First suggests. *See* Opp'n at 14. Rather, as Mr. Seidel explained, see Seidel Decl. (R.18-1) ¶ 26, that information is an example of the intimate details about the subject of the investigation the release of which could cause them, their families, their friends, and their associates (personal and professional) embarrassment, and potentially subject them to public scrutiny or harassment. *Id.*

that weighs into the calculus for purposes of Exemption 7(C) is "the citizens' right to be informed about what their government is up to." *Id*. America First's burden with respect to asserting a public interest related to revealing government wrongdoing is to "establish more than a bare suspicion to obtain disclosure and to "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157 (2004).

America First has not met the requisite burden to suggest that government impropriety might have occurred. America First submits that the records of Mr. Mayorkas' background investigation would shed light on whether the FBI did its own job in properly vetting Mr. Mayorkas. *Id*. at 15-16. But there is no evidence in the record that the FBI committed any wrongdoing in performing Mr. Mayorkas's background investigation to warrant the disclosure of highly personal and sensitive materials into the minutiae of his life. Nor is America First's suggestion that the background investigation materials would shed light on what the government was up to during the time that Mr. Mayorkas spent in public office relevant to what the FBI was doing

during those periods of time, which is the proper lens for purposes of Exemption 7(C).

America First's suggestions that Mr. Mayorkas had conflicts of interest and its citation to Mr. Mayorkas' Disqualification Statement and Screening Arrangement and an Inspector General John Right Memorandum, Opp'n at 16-17, are insufficient bases to demonstrate potential Government impropriety. First, as the district court recognized, with respect to the Memorandum, this argument "appears predicated on the assumption that a requested background investigation of a potential nominee is an opportunity for the FBI to conduct a re-do and re-analysis of any prior investigation by other enforcement agencies of the individual," Mem. Op. at 24, and "[t]hat assumption has no basis in the record," *id*. "To the contrary, when such a prior investigation's findings are public and thus may be taken into account in a decision whether to proceed with a nomination of the person . . . there is less reason for reliance on the FBI's background investigation to uncover the information." *Id*. Second, Mr. Mayorkas' own conflicts check does not suggest any government proprietary has occurred. Such threadbare suggestions are insufficient for America first to carry its burden since it

is required to "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 175.

Finally, America First's argument that *Bast v. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir. 1981), that the case is inapposite, Opp'n at 13, is a red herring. Appellees' citation to the case was to inform the Court of the requisite balancing test for 7(C) Exemptions and is indeed, applicable, since the facts here require a balancing analysis for application of Exemption 7(C).

On balance, the FBI correctly determined that the privacy interests of Alejandro Mayorkas outweighed the public interest in disclosure.

\* \* \*

## CONCLUSION

For the foregoing reasons and those stated in Appellees' Motion, the Court should affirm the judgment below.

> EDWARD R. MARTIN, JR.
> United States Attorney
>
> JANE M. LYONS
> Assistant United States Attorney
>
> */s/ Dedra S. Curteman*
> DEDRA S. CURTEMAN
> Assistant United States Attorney
> 601 D Street, N.W.
> Washington, D.C. 20530
> (202) 252-2550
> Dedra.Curteman@usdoj.gov
>
> *Attorneys for the United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify that foregoing complies with Federal Rule of Appellate Procedure 27(d)(2)(C), in that it contains 2,011 words, is in fourteen-point font and utilizes Century Schoolbook typeface.

*/s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I certify that on this 20th day of March 2025, the foregoing has been served on Appellant through the Court's CM/ECF system.

*/s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
Assistant United States Attorney